UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ALAN BRISCOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:23-cv-01519-SRC |
| ) | |
| DIRECTOR OF THE MDOC and ) | |
| WARDEN HANCOCK OF MECC, ) | |
| ) | |
| Defendants. ) | |

**Memorandum and Order**

Plaintiff Alan Briscoe brings this action pro se under 42 U.S.C. § 1983 for alleged violations of his civil rights, doc. 1, and moves for leave to proceed in forma pauperis, doc. 2. As explained below, the Court grants the motion for leave to proceed in forma pauperis and assesses an initial partial filing fee of $11.13. *See* 28 U.S.C. § 1915(b)(1). Because Briscoe is now proceeding in forma pauperis, the Court reviews below his complaint under section 1915. Based on such review, the Court dismisses the complaint for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.     Background**

Briscoe, an inmate at Missouri Eastern Correctional Center ("MECC"), brings this action under section 1983 against the Director of the Missouri Department of Corrections ("MDOC") and Gregory Hancock, the Warden at MECC, alleging violations of his civil rights. Doc. 1 at 1–3.[1] Briscoe names the MDOC Director in his individual capacity, and Warden Hancock in his official capacity. *Id.* at 2–3.

---

[1] The Court cites to page numbers as assigned by CM/ECF.

Instead of completing the "Statement of Claim" section of the form complaint, Briscoe attached an "Affidavit of Alan Briscoe in the Nature of a Civil Complaint." *Id.* at 3; doc. 1-1. According to his affidavit, Briscoe received a "dangerous contraband" violation due to the presence of a homemade knife located in the leg of a desk in his cell. Doc. 1-1 at ¶ 2. Although Briscoe states in his affidavit that he received the contraband violation on May 6, 2023, *see id.* at ¶ 1, his grievance documents indicate that he received the violation on May 6, 2022, doc. 1-2 at 1. Briscoe attached the grievance filings to his complaint, *see* doc. 1-2, and the Court treats these attachments as part of the pleadings, Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

As a result of the violation, Briscoe and his cellmate were taken to administrative segregation. Doc. 1-1 at ¶ 4. While in segregation, Briscoe started the grievance process on his contraband violation by filing an Informal Resolution Request ("IRR"), arguing that the knife was not his. *Id.* at ¶ 5; doc. 1-2 at 3. Melissa Calvin, the investigating staff, denied Briscoe's IRR based on the prison rule that the condition of a cell is the responsibility of all cellmates. Doc. 1–2 at 2. Briscoe acknowledges this responsibility but argues that he is responsible only for the conditions of his room after an MECC staff member completed a "Room Inspection Checklist" following a change in cell occupants. *Id.* at 5; doc. 1-1 at ¶¶ 5–6. Briscoe states that the staff failed to perform this job duty, constituting a failure to comply with the policy and violating Briscoe's procedural due process. Doc. 1-1 at ¶ 7.

Upon appeal of his IRR denial, Briscoe received a grievance response in his favor on June 2, 2023, acknowledging a violation of his due-process rights and expunging his conduct violation. Doc. 1-2 at 6. Jason Lewis, the Deputy Division Director of the MDOC Division of Adult Institutions, signed the grievance appeal response. *Id.* However, by the time the MDOC expunged the violation, Briscoe had been in segregation for 96 days and allegedly suffered

"irreparable mental distress, anxiety, and undue depression." *See* doc. 1-1 at ¶¶ 8, 11. Briscoe filed a "Sunshine Law request . . . in an attempt to obtain the particulars surrounding the due process violation" so that he could provide more information to the Court. *Id.* at ¶ 12. He forwarded his request to both defendants, but he did not receive a response. *Id.* at ¶¶ 12–13. Finally, while he was in segregation, Briscoe "made several attempts to see mental health" but he was told "to wait it out." *Id.* at ¶ 15.

In terms of injuries, Briscoe claims that "[t]his experience [has] seriously traumatized [him] for the rest of [his] life." Doc. 1 at 4. He "suffered mental and psychological anguish"; experienced a "brief period" where he "wanted to die"; "developed something similar to PTSD"; and experienced "mental trauma." *Id.* Briscoe seeks money damages in the amount of $150,000, an investigation by an outside agency, and an examination by a licensed psychiatrist. *Id.* at 5.

## II.   Standard

Under section 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." When reviewing a complaint filed by a pro-se litigant under section 1915, the Court accepts the well-pleaded facts as true and liberally construes the complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). A "liberal construction" means that if the Court can discern the essence of an allegation, it should construe the plaintiff's complaint in a way that permits the Court to consider the claim within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro-se plaintiffs "must allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980) (first citing *Nickens v. White*, 536 F.2d 802, 803 (8th Cir. 1976); and then citing *Ellingburg v. King*, 490 F.2d 1270

3

(8th Cir. 1974)); *see also Stone v. Harry*, 364 F.3d 912, 914–15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the pro-se plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679 (citing Fed. R. Civ. P. 8(a)(2)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires [the Court] to draw on its judicial experience and common sense." *Id.* at 679.

### III. Discussion

#### A. Initial partial filing fee

Pursuant to section 1915(b)(1), a prisoner bringing a civil action in forma pauperis must pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must

> assess and, when funds exist, collect . . . an initial partial filing fee of 20 percent of the greater of—
>
> > (1) the average monthly deposits in the prisoner's account; or
> >
> > (2) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint. . . .

28 U.S.C. § 1915(b)(1). "After payment of the initial partial filing fee, the prisoner" must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." *Id.* at § 1915(b)(2). "The agency having custody of the prisoner shall forward" these

4

monthly payments "to the clerk of court each time the amount in the account exceeds $10 until the filing fees are paid." *Id.*

In support of his motion to proceed without prepaying fees and costs, Briscoe submitted a certified inmate account statement that shows average monthly deposits of $55.67 over the most recent six-month period. Doc. 4. The Court finds that Briscoe has insufficient funds in his account to pay the entire filing fee and therefore assesses an initial partial filing fee of $11.13, which is twenty percent of Briscoe's average monthly deposit.

**B.     Section 1915 review**

Briscoe asserts a claim under the Prison Litigation Reform Act. Doc. 1 at 5. As explained below, the Court dismisses this matter for failure state a claim upon which the Court may grant relief.

### i. MDOC Director

Briscoe names the MDOC Director as a defendant in only his individual capacity. Doc. 1 at 2. Briscoe mentions the MDOC Director once in his complaint, stating that Briscoe sent the MDOC Director a copy of his Sunshine Law request and received no response. Doc. 1-1 at ¶ 13. But that allegation is not enough to state a claim against the MDOC Director under section 1983.

To state a claim under section 1983, a plaintiff must establish:  (1) "the violation of a right secured by the Constitution or laws of the United States," and (2) that "a person acting under color of state law" committed the alleged deprivation of that right. *West v. Atkins*, 487 U.S. 42, 48 (1988) (first citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986); and then citing *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978)). "Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (first citing *Rizzo v. Goode*, 423 U.S. 362, 370–71 (1976); and then citing *Cotton v. Hutto*,

5

577 F.2d 453, 455 (8th Cir. 1978) (per curiam)).  Furthermore, "[g]overnment officials are personally liable only for their own misconduct."  *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015) (citing *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010)).

In this case, Briscoe asserts that receiving an unjustified contraband violation violated his due-process rights.  Doc. 1 at 6; doc. 1-1.  He claims that he never would have received this violation if the prison staff had followed MDOC policy.  *See* doc. 1-1 at ¶¶ 6–7.  This allegation fails to state a section 1983 claim against the MDOC Director for multiple reasons.  First, a violation of prison policy does not state a claim under section 1983.  It is well established that "there is no federal constitutional liberty interest in having state officers follow state law or prison officials follow prison regulations."  *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (citing *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996)); *see also Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997) ("[T]here is no § 1983 liability for violating prison policy."). Second, even if Briscoe's complaint did state a constitutional violation, the MDOC Director cannot be blamed for any of the alleged harm.  Briscoe does not allege that the MDOC Director was personally involved in, or directly responsible for, any of the circumstances surrounding the now-expunged contraband violation.  As a government official, the MDOC Director is personally liable for only his own misconduct.  *See Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (affirming dismissal of pro-se complaint against defendants who plaintiff merely listed as defendants in the complaint without providing any allegations of constitutional harm caused by them).  But here, Briscoe asserts no allegations suggesting that the MDOC Director was involved in the incident that resulted in Briscoe's segregation stay.  Therefore, Briscoe's complaint fails to state a section 1983 claim against the MDOC Director.

Finally, to the extent that Briscoe attempts to assert that the MDOC Director violated his civil rights by not responding to his duplicate letter describing his "Sunshine Law request," this

6

does not state a section 1983 claim. Doc. 1-1 at ¶¶ 12–13. Briscoe has no constitutional right to a response from the MDOC Director on a records request. This allegation does not state a violation of a right secured by the Constitution or laws of the United States. Thus, Briscoe does not raise a valid section 1983 claim against the MDOC Director.

### ii. Warden Hancock

Briscoe names Warden Hancock as a defendant in his official capacity. Doc. 1 at 3. The only allegation Briscoe provides about Hancock is that Briscoe forwarded his "Sunshine Law request" to Hancock and that Briscoe received no response. Doc. 1-1 at ¶ 12. This is not enough to state a section 1983 claim against Warden Hancock in his official capacity.

Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). In an official-capacity claim against an individual, the claim is actually "against the governmental entity itself." *White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017) (quoting *Brockinton v. City of Sherwood*, 503 F.3d 667, 674 (8th Cir. 2007)). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). In this case, Briscoe's official-capacity claim against Warden Hancock is a claim against Hancock's employer—the MDOC, which is an agency of the State of Missouri.

The Eleventh Amendment bars a section 1983 suit against a state official acting in his or her official capacity. *Morstad v. Dep't of Corrs. & Rehab.*, 147 F.3d 741, 744 (8th Cir. 1998); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). Because "[a] suit for damages against a state official in his official capacity is a suit against the State, and the State is not a person under § 1983," *Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (citing *Will*, 491

U.S. at 71), "[s]tate officers in their official capacities, like States themselves, are not amenable to suit for damages under § 1983," *Arizonans for Off. English v. Arizona*, 520 U.S. 43, 69 n.24 (1997) (citing *Will*, 491 U.S. at 71 & n.10). Accordingly, the Eleventh Amendment bars Briscoe's official-capacity claim for money damages. *Andrus ex rel. Andrus v. Ark.*, 197 F.3d 953, 955 (8th Cir. 1999).

**IV.    Conclusion**

Accordingly, the Court grants Briscoe's [2] Motion for Leave to Proceed In Forma Pauperis. *See* 28 U.S.C. § 1915(a)(1). The Court orders Briscoe to pay an initial filing fee of $11.13 no later than May 30, 2024. Briscoe must make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding. *See* 28 U.S.C. § 1915(b)(1). The Court dismisses Briscoe's claims against defendants Director of the MDOC and Warden Hancock of MECC without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B). The Court denies Briscoe's [3] Motion for Appointment of Counsel as moot. The Court holds that an appeal from this dismissal would not be taken in good faith. An Order of Dismissal will accompany this Memorandum and Order.

So ordered this 30th day of April 2024.

_____SL R. CR_____
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE